1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   State of California,                          No. 2:23-cv-00743-KJM-DB

12                          Plaintiff,             ORDER

13          v.

14   Phillip Del Rosa, et al.,

15                          Defendants.

16

17          On September 7, 2023, the court granted California's motion for a preliminary

18   injunction and enjoined defendant Darren Rose in his official capacity as vice-chairman of

19   the Alturas Indian Rancheria and as president/secretary of Azuma Corporation from

20   delivering cigarettes to anyone in California in violation of the Prevent All Cigarette

21   Trafficking Act (PACT Act).  California now moves for an order to show cause why Rose

22   should not be held in contempt for failure to comply with the court's preliminary

23   injunction order.  California also moves to hold Rose in contempt.  For the reasons below,

24   the court **denies** the motion for an order to show cause as moot and **grants** the motion to

25   hold Rose in contempt.

1

## I.   BACKGROUND

The court has summarized the relevant law and background of this case in previous orders and incorporates the factual background by reference here. *See* Prelim. Inj. Order, ECF No. 43; Mot. Dismiss Order, ECF No. 58. In summary, defendant Darren Rose is the Vice Chairperson of the Alturas Indian Rancheria, a federally recognized Indian Tribe, and President/Secretary of Azuma Corporation, a tribal corporation wholly owned by the Alturas Tribe. Compl. ¶¶ 8, 10, ECF No. 1; Rose Decl. ¶¶ 2–3, ECF No. 23-3. California alleges Azuma distributes cigarettes in violation of California and federal law. *See generally* Compl.

On September 7, 2023, the court granted California's motion for a preliminary injunction against Rose and issued the following injunction:

> Defendant Darren Rose, in his official capacity as vice-chairman of the Alturas Indian Rancheria and as president/secretary of Azuma Corporation, and his employees and agents are hereby **enjoined** from completing or causing to be completed any delivery, or any portion of a delivery, of packages containing cigarettes on behalf of Azuma Corporation to anyone in California in violation of section 376a(e)(2)(A) of the PACT Act.

Prelim. Inj. Order at 24 (emphasis in original).[1]

Section 376a(e)(2)(A) of the PACT Act prohibits any person who receives the PACT Act non-compliant delivery sellers list, and any person who delivers cigarettes to consumers, from "knowingly complet[ing], caus[ing] to be completed, or complet[ing] its portion of a delivery of any package for any person whose name and address are on the [non-compliant] list, unless" an exception applies. 15 U.S.C. § 376a(e)(2)(A). In the preliminary injunction order, the court found "California has shown it is likely to succeed on the merits of its PACT Act claim against Mr. Rose, i.e., that Darren Rose, in his official capacity as an officer of the Alturas Tribe violated section 376a(e)(2)(A) by delivering or causing the delivery of cigarettes on behalf of Azuma despite knowing Azuma was listed on the non-compliant list." *Id.* at 19. In that same order, the court found tribal sovereign immunity did not bar the state's suit for injunctive relief against Rose

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1  in his official capacity as an officer of the Alturas Tribe under the *Ex parte Young* doctrine. *Id.* at

2  7–10.

3        Defendants did not move for reconsideration but did appeal the court's order. *See* Notice

4  of Appeal, ECF No. 44. The appeal is pending before the Ninth Circuit. Neither party has moved

5  for a stay pending appeal.

6        California now moves the court to issue an order to show cause why Rose should not be

7  held in contempt for failure to comply with the preliminary injunction order. Mot. at 2, ECF No.

8  50. In the same motion, California also requests the court hold Rose in contempt. *Id.* In support,

9  California has provided evidence Azuma Corporation has continued to deliver cigarettes to the

10  same customers identified in the preliminary injunction briefing and record. *See generally*

11  Dahlen Decl., ECF No. 50-2. The deliveries of these cigarettes were self-reported to the

12  California Department of Tax and Fee Administration (CDTFA) by Alyssa Rose, who identified

13  herself as the "Manager." *Id.* ¶¶ 6, 8; *see* Reports, Dahlen Decl. Exs. A, B. The state's motion is

14  fully briefed, Opp'n, ECF No. 53; Reply, ECF No. 57. The court held a hearing on the motion on

15  January 26, 2024. Mins. Hr'g, ECF No. 59. Peter Nascenzi and David Goodwin appeared for

16  California. *Id.* Conly Schulte, John Peebles and Gregory Narvaez appeared for defendants. *Id.*

17  Both parties have submitted letters identifying supplemental authority as permitted by the court.

18  Suppl., ECF No. 63; Resp., ECF No. 64.

19        In the interim, this court granted in part and denied in part defendants' motion to dismiss.

20  *See* Mot. Dismiss Order. In that order, the court found Azuma was entitled to tribal sovereign

21  immunity as an arm of the tribe acting on behalf of the tribe and dismissed California's claims

22  against it. *Id.* at 3–6. Defendants have appealed this order as well. Notice of Interlocutory

23  Appeal, ECF No. 65.

24  **II.   SUBJECT MATTER JURISDICTION**

25        "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction

26  over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th

27  Cir. 1997) (citations omitted). When a preliminary injunction is pending on appeal, "a district

28  court lacks jurisdiction to modify the injunction in such manner as to 'finally adjudicate

1   substantial rights directly involved in the appeal.'"   *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d

2   1091, 1099 (9th Cir. 2002) (quoting *Newton v. Consol. Gas Co.*, 258 U.S. 165, 177 (1922)).

3   "Federal Rule of Civil Procedure 62[d], however, authorizes a district court to continue

4   supervising compliance with the injunction."   *Id.*; *see also* Fed. R. Civ. P. 62(d).   The court

5   therefore has jurisdiction to ensure compliance with its order.   The parties conceded as much

6   during hearing.

7   **III.   LEGAL STANDARD**

8          "[C]ourts have inherent power to enforce compliance with their lawful orders through

9   civil contempt."   *Spallone v. United States*, 493 U.S. 265, 276 (1990) (quoting *Shillitani v. United*

10   *States*, 384 U.S. 364, 370 (1966)).   "The standard for finding a party in civil contempt is well

11   settled: The moving party has the burden of showing by clear and convincing evidence that the

12   contemnors violated a specific and definite order of the court."   *F.T.C. v. Affordable Media*,

13   179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City of San Francisco*, 968 F.2d 850, 856

14   n.9 (9th Cir. 1992)).   Once the moving party meets its burden, "[t]he burden then shifts to the

15   contemnors to demonstrate why they were unable to comply."   *Id.*

16   **IV.   ANALYSIS**

17          Here, the court's order is specific and definite.   The preliminary injunction order is not a

18   blanket "obey the law" injunction and specifies what conduct the court is enjoining.   *Contra*

19   Opp'n at 13.   In fact, defendants' opposition demonstrates a clear understanding of the court's

20   order.   *See generally id.*   The court enjoined Rose in his official capacity as vice-chairman of the

21   Alturas Indian Rancheria and as president/secretary of Azuma Corporation from completing or

22   causing to be completed any delivery, or any portion of a delivery, of packages containing

23   cigarettes on behalf of Azuma in violation of section 376a(e)(2)(A) of the PACT Act.   Prelim. Inj.

24   Order at 24.   The court did not enjoin Azuma and could not have because California did not move

25   to enjoin the corporation.   *Id.* at 19 n.10.   The court recognized it was unclear "whether Mr. Rose

26   acted solely in his official capacity as Vice-Chairperson and a member of the Business

27   Committee, or solely in his capacity as President of Azuma, or both," but found California

28   demonstrated its entitlement to relief with respect to its claim against Rose.   *Id.*

Additionally, California has shown by clear and convincing evidence that Rose, in his official capacity, violated the injunction. "Clear and convincing evidence requires greater proof than preponderance of the evidence." *Sophanthavong v. Palmateer*, 378 F.3d 859, 866 (9th Cir. 2004). "To meet this higher standard, a party must present sufficient evidence to produce 'in the ultimate factfinder an abiding conviction that the truth of its factual contentions are [sic] highly probable.'" *Id.* (quoting *Colorado v. New Mexico*, 867 467 U.S. 310, 316 (1984)).

Here, California has provided evidence showing Azuma has continued to deliver cigarettes on its own behalf. As defendants successfully argued in their motion to dismiss, *see* Mot. Dismiss at 10–14, ECF No. 24-1, Azuma is an arm of the Alturas Tribe, *see* Mot. Dismiss Order at 6. A tribal entity is deemed an arm of the tribe when "its activities are properly deemed to be those of the tribe." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006). The preliminary injunction order enjoins Rose in his official capacity as an officer of the Alturas Tribe, meaning the injunction practically operates as an injunction against the Tribe under the legal fiction recognized by the *Ex parte Young* doctrine. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908); *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1092 (9th Cir. 2007) (*Ex parte Young* extends to tribal officers sued in their official capacity); *Jackson v. Hayakawa*, 682 F.2d 1344, 1351 (9th Cir. 1982) ("We recognize that for eleventh amendment purposes the *Ex parte Young* type suit is a legal fiction, and that as a practical matter the . . . injunction (does) bind the Commonwealth" (quoting *Vecchione v. Wohlgemuth*, 558 F.2d 150, 156 (3d Cir. 1977)); *see also* Opp'n at 14; Reply at 6. An injunction against Rose in his official capacity necessarily extends to tribal entities like Azuma, which act as an arm of the Alturas Tribe. Having persuaded the court Azuma is an arm of the Tribe, defendants cannot now escape the consequences of that conclusion by arguing the court did not enjoin Azuma. *Contra* Opp'n at 9–10; *see also* Rose Decl. ¶ 17 (declaring if injunction requested by California is granted, "Azuma would be forced to close down its operations and would become insolvent").

To the extent defendants argue Rose could not violate the injunction because Azuma "cannot come within the prohibition under § 376a(e)(2)(A) as delivering 'for' itself," this argument is not supported by the text of the statute. *See* Opp'n at 13–14. As noted,

1    § 376a(e)(2)(A) prohibits any person who receives the PACT Act non-compliant delivery sellers

2    list and any person who delivers cigarettes to consumers from "knowingly complet[ing],

3    caus[ing] to be completed, or complet[ing] its portion of a delivery of any package for any person

4    whose name and address are on the [non-compliant] list," unless an exception applies.  15 U.S.C.

5    § 376a(e)(2)(A).  The statute does not exempt persons[2] on the PACT Act non-compliant list, like

6    Azuma, from its prohibition.  Such an exemption would leave a gaping enforcement gap in the

7    statute.  Leaving non-compliant entities free to deliver cigarettes on their own behalf would

8    contravene the purposes of the PACT Act, one of which is to "make it more difficult for cigarette

9    . . . traffickers to engage in and profit from their illegal activities[.]"  *See* Prevent All Cigarette

10   Trafficking Act of 2009, Pub. L. No. 111-154, § 1(c), 124 Stat. 1087, 1087–88 (2010).

11        Here, by showing Azuma is continuing to deliver cigarettes to the same customers

12   previously identified in the preliminary injunction record, California has shown Rose, in his

13   official capacity as an officer of the Alturas Tribe, has violated the preliminary injunction by clear

14   and convincing evidence.  The burden shifts to Rose to demonstrate why he is unable to comply.

15        Rose has not met this burden.  "'Substantial compliance' with the court order is a defense

16   to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort

17   has been made to comply."  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d

18   693, 695 (9th Cir. 1993) (citations omitted).  Rose does not argue he has substantially complied

19   with the court's order.  Rather, he challenges the underlying merits of the preliminary injunction

20   order and attempts to relitigate issues the court already has addressed in prior orders.  *See* Opp'n

21   at 16–24 (raising same arguments regarding tribal retailers and subject matter jurisdiction raised

22   in prior motions and addressed in prior orders); *see also* Prelim. Inj. Order at 7–13, 17–22; Mot.

23   Dismiss Order at 3, 7–10; Mot. Dismiss Hr'g Tr. 14:23–15:17, ECF No. 56.  Disagreement with

24   the court's order does not excuse noncompliance.  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406,

25   1411 (9th Cir. 1990) ("Disagreement with the court is not an excuse for failing to comply with

_____

[2] Under the PACT Act, "[t]he term 'person' means an individual, corporation, company, association, firm, partnership, society, State government, local government, Indian tribal government, governmental organization of such a government, or joint stock company." 15 U.S.C. § 375(11).

1    court orders.").  To the extent Rose disagrees with the court's order, the proper channel to raise

2    those challenges is through an appeal, as he has done, or a timely motion for reconsideration.

3          Having carefully considered the parties' briefs and their arguments during hearing, the

4    court finds Darren Rose in contempt of this court's preliminary injunction.  Because Rose has

5    been heard in full in opposition and during oral argument, California's **motion for an order to**

6    **show cause is denied as moot.**  The **motion to hold Rose in contempt is granted**.  *See Int'l*

7    *Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) ("[C]ivil contempt

8    sanctions, or those penalties designed to compel future compliance with a court order, are

9    considered to be coercive and avoidable through obedience, and thus may be imposed in an

10   ordinary civil proceeding upon notice and an opportunity to be heard.").

11   **V.     SANCTIONS**

12         "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed . . .

13   to coerce the defendant into compliance with the court's order[.]"  *United States v. United Mine*

14   *Workers of Am.*, 330 U.S. 258, 303–04 (1947).  In exercising its discretion to impose sanctions to

15   ensure compliance with its order, the court must consider "the character and magnitude of the

16   harm threatened by continued contumacy, and the probable effectiveness of any suggested

17   sanction in bringing about the result desired."  *Id.* at 304.  "[I]n fixing the amount of a fine to be

18   imposed . . . as a means of securing future compliance, [the court must also] consider the amount

19   of defendant's financial resources and the consequent seriousness of the burden to that particular

20   defendant."  *Id.*  "The measure of the court's power in civil contempt proceedings is determined

21   by the requirements of full remedial relief."  *McComb v. Jacksonville Paper Co.*, 336 U.S. 187,

22   193 (1949).  Thus, nonmonetary sanctions "such as the production of books" may be appropriate.

23   *Id.* at 193–94.  The court also may award attorney's fees and costs associated with the civil

24   contempt motion.  *See Donovan v. Burlington N., Inc.*, 781 F.2d 680, 684 (9th Cir. 1986).

25         Here, California argues "monetary penalties are warranted to ensure compliance," and

26   requests the court consider the PACT Act's civil penalties provisions as guidance.  Mem. at 11,

27   ECF No. 50-1.  The court finds sanctions are warranted to ensure compliance with the court's

28   order.  During hearing, California informed the court Azuma has shipped an estimated additional

1  2.5 million cigarettes since the filing of its instant motion for contempt.  This estimate, which is

2  not supported by a declaration or any other evidence, does not provide the court with enough

3  information regarding the full extent of harm caused by Rose's violation of the court's order to

4  fashion appropriate sanctions.  California is **granted thirty (30 days)** to move for sanctions and

5  attorneys' fees and costs, providing complete support for its position regarding the appropriate

6  amounts.  In the same motion, the state may provide its position regarding appropriate sanctions

7  to ensure future compliance with the preliminary injunction order, including appropriate

8  monetary sanctions accruing per day for each day of non-compliance.

9  **VI.   CONCLUSION**

10        For the reasons above, the court **denies** California's motion for an order to show cause as

11  moot and **grants** the motion to hold Rose in contempt.

12        The court hereby orders:

13        a.   Darren Rose, in his official capacity as an officer of the Alturas Tribe is held in

14             contempt of this court's preliminary injunction order issued on September 7, 2023.

15        b.   Rose shall fully comply immediately with the preliminary injunction issued on

16             September 7, 2023.  **Within seven (7) days** of the filed date of this order, Rose shall

17             submit an affidavit detailing the steps he has taken to ensure compliance with this

18             court's order.

19        c.   California shall move for appropriate sanctions and attorneys' fees and costs

20             associated with bringing its motion to hold Rose in contempt **within thirty (30) days**

21             of the filing date of this order and notice the matter for hearing on the earliest

22             available law and motion date in accordance with Local Rule 230(a).  The motion

23             shall be accompanied by a proposed order.  Defendants may file an opposition and

24             California may file a reply in accordance with Local Rule 230(c) and (d).  The court

25             will disregard any discussion or attempts by either party to argue in the briefs allowed

26             here the scope or the merits of the underlying preliminary injunction order.

27  /////

28  /////

1    This order resolves ECF No. 50.

2    IT IS SO ORDERED.

3    DATED: February 27, 2024.

CHIEF UNITED STATES DISTRICT JUDGE