UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| State of California,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Phillip Del Rosa, et al.,<br><br>　　　　　　Defendants. | No. 2:23-cv-00743-KJM-DB<br><br>ORDER |

　　　　Defendants move to stay the court's preliminary injunction pending appeal. Mot., ECF No. 73. The motion is fully briefed, Opp'n, ECF No. 76; Reply, ECF No. 77, and the matter was submitted without oral arguments, Briefing Order, ECF No. 74. The motion is **denied.**

　　　　"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). Four considerations guide judicial discretion in ruling on a motion to stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citation omitted).

　　　　The court has already considered and rejected the arguments defendants make in this motion. *See, e.g.*, Prelim. Inj. Order, ECF No. 43; Mot. Dismiss Order at 10 & n.2, ECF No. 58; Contempt Order, ECF No. 71. The court declines to revisit its prior decisions, nor can it—this

1

matter is not before the court on a motion for reconsideration and is currently on appeal. *See Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) ("As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal."). For the reasons articulated in those prior orders, the court finds defendants have not shown they are likely to succeed on the merits. Even if the court were to find defendants have shown serious legal questions are raised by their appeal, they have not shown the balance of hardships tips sharply in their favor. *See Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011). First, as the court previously observed, "[t]he harm [Darren Rose] would face is the net revenue loss from paying applicable taxes to California and otherwise complying with state law." Prelim. Inj. Order at 23. The injunction does not prohibit anyone from lawfully engaging in the cigarette business in compliance with applicable federal law. *See generally id.* Second, for the reasons the court noted previously, the balance of hardships sharply weighs in favor of California. *See id.* at 23–24.

Moreover, the court's preliminary injunction order was issued more than six months ago. *See generally id.* Defendants immediately appealed the injunction, Notice of Appeal, ECF No. 44, but did not move for a stay pending appeal. However, now that the court has held Mr. Rose in contempt, defendants move for a stay, raising the same arguments the court has previously rejected. By requesting a stay at this juncture, it appears defendants are asking the court to sanction continued noncompliance with the court's injunction, which the court declines to do. The court heeds the Ninth Circuit's repeated admonition not to delay proceedings "to await an interim ruling on a preliminary injunction," *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018), and declines to exercise its discretion to grant a stay pending appeal, *see Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) ("[I]n many cases, appeal of district courts' preliminary injunctions will result in unnecessary delay to the parties and inefficient use of judicial resources.").

The motion is **denied.** This order resolves ECF No. 73.

IT IS SO ORDERED.

DATED: April 22, 2024.

CHIEF UNITED STATES DISTRICT JUDGE