UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| State of California, | No. 2:23-cv-00743-KJM-SCR |
| Plaintiff, | ORDER |
| v. | |
| Phillip Del Rosa, et al., | |
| Defendants. | |

In a previous order, this court dismissed California's claim that defendant Phillip Del Rosa and others violated the federal Contraband Cigarette Tax Act (CCTA), because the CCTA bars actions by states "against an Indian tribe or an Indian in Indian county." Prev. Order (Jan. 24, 2024) at 8, ECF No. 58 (quoting 18 U.S.C. § 2346(b)(1)). California did not dispute Del Rosa and the other individual defendants are "Indians" for purposes of the statute. *Id.* Nor did it allege in its previous complaint that any of the defendants' conduct outside Indian country violated the CCTA. *See id.*

The court permitted California to amend its CCTA claim, which it has now done. *See generally* First Am. Compl. ¶¶ 94–98, ECF No. 68. Defendants move again under Rule 12(b)(6) to dismiss that claim, to the extent the state asserts it against them in their official capacities as leaders of the Alturas Indian Rancheria. *See* Mot., ECF No. 81. They argue now, as before, that the CCTA bars California's claim because it is an action "against an Indian tribe or Indian in

1

Indian country." *See generally* Mem., ECF No. 81-1. The motion is fully briefed, and the court took it under submission without hearing oral arguments. *See generally* Opp'n, ECF No. 84; Reply, ECF No. 90; Min. Order, ECF No. 92.

The court assumes the complaint's factual allegations are true, but not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Rule 8. *Id.* at 679.

For purposes of this motion, California does not disagree that the CCTA bars claims against the individual defendants in their capacities as officials of the government of the Alturas Indian Rancheria, a federally recognized Tribe. *See* Mem. at 14; Opp'n at 1. Nor does it oppose the motion to dismiss the claims against the individual defendants as the officers of a casino and gas station on Alturas's tribal land. *See* Mem. at 14–16; Opp'n at 1. The state argues only that defendants cannot rely on the CCTA's exception when it comes to claims about cigarette sales by a third entity, "AIR Fuels – Yreka," which operates on land known as the "Benter Allotment." *See* Opp'n at 1, 7–11; First Am. Compl. ¶¶ 22–30, 47. The state alleges the Benter Allotment is "on Indian country as defined under federal law" but is beyond the Alturas Tribe's jurisdiction. First Am. Compl. ¶ 22. As California reads the CCTA, the phrase "Indian in Indian country" refers to Indian country within the jurisdiction of an individual Indian's own federally recognized tribe. *See* Opp'n at 7–11. In other words, under California's interpretation of the CCTA, there is an implied exception to the ordinary bar: states can sue Indians in Indian country if that Indian county is outside the jurisdiction of that particular Indian's tribe.

Congress defined the phrase "Indian country" in the CCTA by cross-reference. *See* 18 U.S.C. § 2346(b)(1) (citing 18 U.S.C. § 1151). The cross-referenced section defines "Indian country" in three parts:

> (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or

> without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

*Id.* § 1151. The Benter Allotment falls within this definition. *See* First Am. Compl. ¶ 22 (referring expressly to Benter allotment as an Indian allotment). California does not contend otherwise, and the authority it cites in its motion supports the same conclusion. *See People ex rel. Becerra v. Rose*, 16 Cal. App. 5th 317, 322 (2017) (citing 18 U.S.C. § 1151 and *Hydro Res., Inc. v. E.P.A.*, 608 F.3d 1131, 1159 (10th Cir. 2010) (en banc) (Gorsuch, J.)). For that reason, the Benter Allotment qualifies as "Indian country" under the CCRA, and the statutory bar again prevents California from stating a claim under that statute.

The state's primary argument to the contrary is based on the CCTA's legislative history and Congress's ostensible purposes in passing that act. *See* Opp'n at 7–9. California argues "the CCTA's 'Indian tribe' and 'Indian in Indian country' exemption to state enforcement authority is intended merely to preserve the recognized exception for Indians' [sic] to sell cigarettes tax-free to tribal members." *Id.* The definition Congress adopted, however, is broader. It refers to "*all* land within the limits of *any* Indian reservation," "*all* dependent Indian communities within the borders of the United States," and "*all* Indian allotments." 18 U.S.C. § 1151 (emphases added). The court hesitates to "disregard clear language" in the CCTA to avoid even a potentially "anomalous" outcome. *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 794, 797 (2014). But even if the disputed statutory definition were ambiguous, this court already has decided it should construe the CCTA liberally "in favor of the Indians, with ambiguous provisions interpreted for their benefit." Prev. Order at 8 (quoting *Montana v. Blackfeet Tribe of Indians*, 471 U.S. 759, 766 (1985)).

As before, the court need not and does not decide whether the CCTA bars *Ex parte Young* actions. *See* Prev. Order at 8. Nor is it necessary to decide now whether the pending appeal[1] deprives this court of jurisdiction over other disputes, such as defendants' assertion of qualified

---

[1] The Ninth Circuit issued a memorandum disposition on September 10, 2024, but no mandate had issued at the time this order is being filed.

immunity or the state's claim under the Prevent All Cigarette Trafficking (PACT) Act.  *Compare* Mem. at 9–10 *with* Opp'n at 5–6 *and* Reply at 2–3.

The court **grants** the pending motion to dismiss (ECF No. 81) and **dismisses without leave to amend** the official-capacity CCTA claim.

IT IS SO ORDERED.

DATED:  November 15, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE