John M. Peebles, CASBN 237582
Conly J. Schulte, *pro hac vice*
Tim Hennessy, CASBN 233595
Gregory M. Narvaez, CASBN 278367
**PEEBLES BERGIN SCHULTE & ROBINSON LLP**
2020 L Street, Suite 250
Sacramento, CA 95811
Telephone: (916) 441-2700
Fax: (916) 441-2067
Email: jpeebles@ndnlaw.com;
cschulte@ndnlaw.com; thennessy@ndnlaw.com;
gnarvaez@ndnlaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **STATE OF CALIFORNIA, ex rel. ROB BONTA, in his official capacity as Attorney General of the State of California,**<br><br>Plaintiff,<br><br>v.<br><br>**PHILIP DEL ROSA, et al.,**<br><br>Defendants. | 2:23-cv-00743-KJM-SCR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action filed:  April 19, 2023<br>Judge:  Hon. Kimberly J. Mueller<br>Trial date:  N/A |

The parties, Plaintiff State of California ex rel. Rob Bonta, in his official capacity as Attorney General of the State of California ("Plaintiff"), and Defendants Philip Del Rosa, in his personal capacity and official capacity as Chairman of the Alturas Indian Rancheria, and Darren Rose, in his personal capacity and official capacity as Vice-chairman of the Alturas Indian Rancheria ("Defendants"), by and through their respective attorneys of record, hereby stipulate for the purposes of jointly requesting that the honorable Court enter a protective order in this matter as follows:

///

///

1

1.     PURPOSES AND LIMITATIONS

Disclosure by Defendant Darren Rose of documents Rose was ordered to retain for inspection by the State under the Court's Order, ECF No. 95, imposing sanctions on Rose for his noncompliance with the Court's Order, ECF No. 43, imposing a preliminary injunction in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses made by Rose of documents retained under the Court's Order, ECF No. 95, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Disclosures: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures of the documents retained under the Court's sanction Order, ECF No. 95.

2

2.6     <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     <u>House Counsel:</u> attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     <u>Outside Counsel of Record:</u> attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    <u>Party:</u> any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    <u>Protected Material:</u> any Disclosure that is designated as "CONFIDENTIAL."

2.14    Rose: Defendant Darren Rose, in both his personal and official capacities, as named in the operative complaint.

2.15    Plaintiff: Plaintiff State of California, by and through its Attorney General, Rob Bonta.

3.      <u>GOOD CAUSE STATEMENT</u>

There is good cause and a particularized need for a protective order to preserve Defendants' interest in preserving the confidentiality of trade secret or other confidential commercial information under Federal Rules of Civil Procedure, Rule 26(c)(1)(G), in the Disclosures.

Specifically, the Court has ordered Defendant Rose to "retain for inspection by the State all of Azuma's purchase records, sales, and invoices dated after the injunction came into effect on September 15, 2023," Order, ECF 95 (Nov. 18, 2024), and Plaintiff has requested Rose to produce the same, with a continuing obligation to supplement the production monthly.  These records

3

contain proprietary information that is a trade secret or other confidential commercial information under Rule 26(c)(1)(G).  The records include customer lists, vendor lists, and pricing information. Azuma does not publicly disclose these records.  Their disclosure, particularly disclosure to Azuma's direct competitors or the competitors of Azuma's customers and vendors, would cause harm to Azuma's business interests, as the information could allow competitors to undercut prices, among potential other actions.  Disclosure would also be harmful because Azuma's vendors and customers expect their information to be kept confidential and do not want such information released and available for public consumption.

The protection of confidential information is better addressed by court order rather than a private agreement between the parties.  Addressing the protection of confidential information through this stipulated protective order allows for comparatively streamlined resolution of any issues regarding, for instance, the designation of confidential material and enforcement of the parties' obligations, whereas enforcement of a private agreement would likely require commencement of a separate action in state court.  The protective order also more readily permits ongoing court supervision and resolution of issues related to the disclosure of documents the Court's sanctions Order, ECF No. 95, requires Rose to retain for inspection by the State.

4.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to Plaintiff or becomes part of the public domain after its disclosure to Plaintiff as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to Plaintiff prior to the disclosure or obtained by Plaintiff after the disclosure from a source who obtained the information lawfully and under no obligation

1  of confidentiality to Rose. Any use of Protected Material at trial shall be governed by a separate
2  agreement or order.

3      5.      DURATION

4      Even after final disposition of this litigation, the confidentiality obligations imposed by this
5  Order shall remain in effect until Rose agrees otherwise in writing or a court order otherwise directs.
6  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this
7  action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion
8  of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for
9  filing any motions or applications for extension of time pursuant to applicable law.

10      6.      DESIGNATING CONFIDENTIAL MATERIAL

11      6.1      Exercise of Restraint and Care in Designating Material for Protection. Rose must
12  take care to limit any designation of information or items for protection under this Order to specific
13  material that qualifies under the appropriate standards. Rose must designate for protection only
14  those parts of material, documents, items, or oral or written communications that qualify – so that
15  other portions of the material, documents, items, or communications for which protection is not
16  warranted are not swept unjustifiably within the ambit of this Order.

17      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown
18  to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily
19  encumber or retard the case development process or to impose unnecessary expenses and burdens
20  on other parties) expose Rose to sanctions.

21      If it comes to Rose's attention that information or items that it designated for protection do
22  not qualify for protection, Rose must promptly notify all other Parties that it is withdrawing the
23  mistaken designation.

24      6.2      Manner and Timing of Designations. Except as otherwise provided in this Order
25  (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered,
26  Disclosures that qualify for protection under this Order must be clearly so designated before the
27  material is disclosed or produced.

28      Designation in conformity with this Order requires:

(a)      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Rose affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, Rose also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      For information produced in some form other than documentary and for any other tangible items, that Rose affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, Rose, to the extent practicable, shall identify the protected portion(s).

6.3      <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive Rose's right to secure protection under this Order for such material. Upon timely correction of a designation, Plaintiff must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1      <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to Rose's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2      <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication

6

are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give Rose an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that Rose is unwilling to participate in the meet and confer process in a timely manner.

7.3     <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court intervention, Rose shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by Rose to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on Rose. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless Rose has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under Rose's designation until the court rules on the challenge.

///

///

8.      ACCESS TO AND USE OF PROTECTED MATERIAL

8.1      Basic Principles. Plaintiff may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, Plaintiff must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by Plaintiff at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by Rose, Plaintiff may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Plaintiff's Counsel of Record in this action, as well as employees of the California Department of Justice to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)      [Intentionally left blank];

(c)      Experts (as defined in this Order) of Plaintiff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the court and its personnel, but subject to section 13.3 hereinbelow;

(e)      court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by Rose or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court

8

reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If Plaintiff is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," Plaintiff must:

(a)     promptly notify Rose in writing. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by Rose.

If Rose timely seeks a protective order, Plaintiff shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless Plaintiff has obtained Rose's permission. Rose shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging Plaintiff in this action to disobey a lawful directive from another court.

10.     [Intentionally left blank.]

11.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If Plaintiff learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, Plaintiff must immediately (a) notify Rose in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such

9

person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When Rose gives notice to Plaintiff that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of Plaintiff are equivalent to those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) regarding discovery. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13.    <u>MISCELLANEOUS</u>

13.1   <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2   <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Filing Protected Material.</u> Without written permission from Rose or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is entitled to protection under the law. If a request by Plaintiff to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then Plaintiff may file the information in the public record unless otherwise instructed by the court.

14.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 5, Plaintiff must return all Protected Material to Rose or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Plaintiff must submit a written certification to Rose by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that Plaintiff has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 5 (DURATION).

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Dated:  Jan. 7, 2025             *s/ David C. Goodwin*
                                 Deputy Attorney General
                                 California Department of Justice
                                 *Attorneys for Plaintiff*

Dated:  Jan. 7, 2025             *s/ Tim Hennessy*
                                 Peebles Bergin Schulte & Robinson LLP
                                 *Attorneys for Defendants*


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: January 13, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *State of California ex rel. Bonta v. Del Rosa, et al.*, No. 2:23-cv-00743-KJM-SCR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Stipulated Protective Order (2:23-cv-00743-KJM-SCR)