UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| State of California, | No. 2:23-cv-00743-KJM-SCR |
| Plaintiff, | ORDER |
| v. | |
| Phillip Del Rosa, et al., | |
| Defendants. | |

Defendants move the court to stay the district court proceedings in this action, excluding proceedings to supervise compliance with the standing preliminary injunction, pending an order on the interlocutory appeal now before the Ninth Circuit. California opposes the motion. As explained below, the court **denies** the motion to stay and addresses the scope of the automatic stay herein.

I. **BACKGROUND**

The court explained the relevant factual background in multiple previous orders and therefore explains the facts here only to the extent necessary. *See* Order (Sept. 8, 2024), ECF No. 43; Order (Jan. 24, 2024), ECF No. 58; Order (Nov. 18, 2024), ECF No. 97. Defendants

1

1   Phillip Del Rosa and Daren Rose[1] are tribal officers of the federally recognized Indian Tribe,
2   Alturas Indian Rancheria (the Tribe).  First Am. Compl. ¶¶ 1, 7, 8, 68, ECF No. 68.  The Tribe
3   owns Azuma Corporation (Azuma), which sells cigarettes in California allegedly in violation the
4   federal Contraband Cigarette Tax Act (CCTA), Prevent All Cigarette Trafficking Act (PACT
5   Act) and Racketeer Influenced and Corrupt Organizations Act (RICO).  *See generally id.*

6       On January 24, 2024, the court granted in part and denied in part defendants' first motion
7   to dismiss California's then–operative complaint, Compl., ECF No. 1, and granted California
8   leave to amend certain claims, s*ee generally* Order (Jan. 24, 2024).  The court found defendants,
9   sued in their personal capacities for alleged violations of the PACT Act and state law, are not
10  shielded under a theory of qualified immunity.  *Id.* at 9–10.  The court explained, "[d]efendants
11  do not cite, nor can the court find, any authority extending qualified immunity to tribal officers
12  sued in their personal capacities for violating federal and state laws . . . . [California's] PACT
13  Act claim and state law claims brought against [Phillip Del Rosa and Darren Rose] in their
14  personal capacities may proceed."  *Id.*  Defendants filed an interlocutory appeal to the Ninth
15  Circuit and at the time of this order, the appeal remained pending.  Notice Interlocutory Appeal,
16  ECF No. 65.[2]

17      California amended its CCTA claim, which the civil RICO claim is predicated upon, and
18  defendants moved again under Rule 12(b)(6) to dismiss those claims to the extent California
19  asserted it against defendants in their official capacities.  Defs.' Mot. Dismiss (Mot. Dismiss) at 6,
20  9, ECF No. 81.  In their briefs, the parties disagreed about the scope of the automatic stay in place
21  as a result of defendants' interlocutory appeal.  Defendants' motion asserted:

22      [A]ll personal capacity claims implicate [d]efendants' assertion of qualified
23      immunity.  Defendants therefore limit their response to the matters that are not

---

[1] At hearing, counsel indicated the third tribal official named as a defendant, Wendy Del Rosa, is no longer a party to the case.  *See* Mins. Mot. Hr'g, ECF No. 115.  The clerk of court is directed to correct the caption of the case and terminate Wendy Del Rosa as a party to the case.

[2] Defendants previously moved for a stay pending appeal of this court's preliminary injunction.  Mot., ECF No. 73; Notice Appeal (U.S. Court of Appeals Mem No. 23-16200), ECF No. 44.  The appeal at issue here is a second appeal concerning this court's order on defendants' motion to dismiss. Notice Appeal (U.S. Court of Appeals Mem No. 24-00698), ECF No. 67.

before the Court of Appeal and reserve their right to respond further to the [First Amended Complaint] as may be appropriate following resolution of the appeal.

*Id.* at 6–7. Defendants did not otherwise address the CCTA or civil RICO claims and did not invoke qualified immunity in response to those claims.

The court declined to address the scope of the pending appeal and its effect on "this court['s] jurisdiction over other disputes, such as defendants' assertion of immunity," because the parties did not fully brief the issue, and a resolution of the issue did not impact the then–pending motion to dismiss. Order (Nov. 18, 2024) at 3–4, ECF No. 97. The court dismissed the official-capacity CCTA claim without leave to amend. *Id.* at 4.

On December 17, 2024, defendants filed a motion the court construed as a request to stay the entirety of the case, excluding enforcement of the standing preliminary injunction. Mot. Scheduling Conference, (Dec. 17, 2024), ECF No. 100. The court directed parties to brief the issue. Order (Jan. 8, 2025), ECF No. 102. Defendants filed a motion to stay as ordered. *See generally,* Mot., ECF No. 106. The motion is fully briefed. *See* Opp'n, ECF No. 110; Reply, ECF No. 114. The court held a hearing on the matter on February 13, 2025. *See* Mins. Mot. Hr'g, ECF No. 115.[3] Peter Nascenzi and David Goodwin appeared for California. *Id.* John Peebles, Tim Hennessy and Gregory Narvaez appeared for defendants. *Id.*

**II.   LEGAL STANDARD**

Circuit courts generally lack jurisdiction to hear an interlocutory appeal from an order denying a motion to dismiss, but an exception exists for district court denials of qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The judge-made doctrine of qualified immunity creates "an *immunity from suit* rather than a mere defense to liability," and as interpreted by the Supreme Court, qualified immunity "is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 526 (emphasis in original).

---

[3] At hearing the court also heard argument on California's Notice of Violation, ECF No. 108, and defendants' Response, ECF No. 113. Min. Order (Feb. 7, 2025), ECF No. 111. The court addresses the issue of alleged violations of the standing preliminary injunction in a separate order.

It is well established that an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But the district court "retains jurisdiction to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) (citing *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982)); *see also Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007) (district court divested of jurisdiction of only "those aspects of the case on appeal"). Determining what is and is "not the subject of the appeal," *Pitner*, 307 F.3d at 1183 n.5, may "require[] some consideration." *See, e.g.*, *Andrade Rico v. Beard*, No. 17-1402, 2019 WL 4127206, at *2 (E.D. Cal. Aug. 30, 2019); *see also Cabral v. Cnty. of Glenn,* No. 0800029, 2009 WL 1911692, at *1 (E.D. Cal. July 1, 2009) ("[I]nterlocutory appeal on the issue of qualified immunity . . . does not deprive this court of jurisdiction to address other, unrelated, matters still pending before it." (internal citations omitted)).

### III. ANALYSIS

The scope of the stay effected by the interlocutory appeal is at issue here. The parties do not dispute that California's PACT Act claim is automatically stayed, but they disagree as to the scope of the stay as it relates to California's CCTA and civil RICO claims against defendants in their personal capacities. California contends the only claim subject to appeal is the PACT Act claim, and this court therefore retains jurisdiction over the CCTA and the civil RICO claims. Opp'n at 5, 8–9; *see also* Pl.'s Opp'n Mot. Dismiss First Am. Compl. (Opp'n Mot. Dismiss) at 5–6, ECF No. 84. It explains that the Ninth Circuit will address only the "threshold question of whether qualified immunity could apply to statutory claims" as related to the PACT Act claims. Opp'n Mot. Dismiss at 10–11.

Defendants assert the entire case is stayed pending appeal because "all personal capacity claims implicate [d]efendants' assertion of qualified immunity." Mot. Dismiss at 6, 9. Defendants contend this court rejected tribal officials' qualified immunity assertions broadly when it wrote "[d]efendants do not cite, nor can the court find, any authority extending qualified immunity to tribal officers sued in their personal capacities for violating federal and state laws."

4

1  Order (Jan. 1, 2024) at 9–10.  Because the court previously dismissed the CCTA and civil RICO
2  claims on different grounds, the court explained its ruling on the qualified immunity assertions as
3  they related to the PACT Act claims.  *Id.* at 10 ("The PACT Act claim and state law claims
4  brought against them in their personal capacities may proceed.").

5  California opposes the motion, contending that the circuit court will reach only the PACT
6  Act claims and not the defendants' qualified immunity defense as to the CCTA and civil RICO
7  claims.  Opp'n at 8–9.  California also correctly explains defendants could have asserted qualified
8  immunity to the CCTA and civil RICO claims in their motion to dismiss the first amended
9  complaint.  If the court denied qualified immunity on those claims, "[d]efendants could have
10 immediately appealed the decision."  *Id.* at 11.  In so doing, defendants would have foreclosed
11 any questions about the scope of the appeal and the automatic stay and preserved the court's
12 resources.

13 At present, defendants have not asserted qualified immunity in response to plaintiffs'
14 claims under the CCTA or the civil RICO statute alleged in the first amended complaint.  While a
15 decision from the circuit court may offer guidance as to the availability generally of qualified
16 immunity to tribal officers, it is patently obvious that the only claims subject to defendants'
17 appeal are California's PACT Act claims.  The court recognizes that qualified immunity "is
18 effectively lost if a case is erroneously permitted to go to trial."  *Mitchell v. Forsyth*,
19 472 U.S. 511, 526 (1985).  But qualified immunity must be pled as a defense, and decided upon
20 by a district court before defendants can appeal.  *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996)
21 ("[W]hen immunity with respect to those claims has been finally denied, appeal must be
22 available.").

23 Here, the question raised by defendants in their motion is not what questions the circuit
24 court may answer, but what questions the circuit court must answer.  The latter question
25 determines the scope of the automatic stay in effect in this court.  Here, because the defendants
26 appealed this court's order on the motion to dismiss the original complaint, only those questions
27 related to the PACT Act are subject to the automatic stay.  While California suggests defendants'
28 motion to stay the case could be argued under the *Landis* analysis applicable to discretionary

1  stays, Opp'n at 12–13 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)), defendants
2  themselves contend the *Landis* factors "are irrelevant" to their pending motion, *see* Mot. at 6.
3  The court therefore declines to address the merits of a discretionary stay.

### IV.  CONCLUSION

The motion to stay is **denied.**

The clerk of court is **directed to correct the caption of this matter**. Wendy Del Rosa shall be removed as a defendant to the case.

The parties are **ordered to file a joint pretrial scheduling statement** within thirty days of the filing date of this order. The court will set an initial pretrial scheduling conference if necessary before issuing a scheduling order under Federal Rule of Civil Procedure 16.

This order resolves ECF Nos. 100 & 106.

IT IS SO ORDERED.

DATED: May 16, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE