UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| State of California,<br><br>                Plaintiff,<br><br>    v.<br><br>Phillip Del Rosa, et al.,<br><br>                Defendants. | No. 2:23-cv-0743-KJM-SCR<br><br>ORDER |

      Defendants seek reconsideration of a prior court order finding defendant Darren Rose in contempt. As explained below, the court **denies** the motion.

**I.    BACKGROUND**

      California alleges Azuma Corporation (Azuma), a tribal corporation wholly owned by the federally recognized Alturas Indian Rancheria (the Tribe), distributes cigarettes to various retailers owned by other Indian tribes (Tribal Retailers) in violation of the PACT Act. *See generally* First Am. Compl., ECF No. 68. Finding California likely to succeed on the merits and balancing the hardships of an injunction and the public interest, the court imposed a preliminary injunction on September 8, 2023, enjoining defendant Darren Rose from completing or causing to be complete any delivery, or any portion of a delivery, of packages containing cigarettes on behalf of Azuma Corporation to anyone in California in violation of 15 U.S.C. § 376a(e)(2)(A) of the PACT Act. *See* Injunction Order at 24–25, ECF No. 43. In briefing the motion for a

1

preliminary injunction, each party discussed the applicability of *Bracker* balancing under *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136 (1980). *See* Mot. Preliminary Inj., Ex. B at 59, ECF No. 13-3; Opp'n Preliminary Injunction at 15, ECF No. 23. The court addressed *Bracker* in its order, finding defendants did not sufficiently show California's taxation scheme would unlawfully infringe on tribal sovereignty so as to preclude a preliminary injunction. Injunction Order at 20.

Defendants unsuccessfully appealed the court's order imposing a preliminary injunction. *See* Notice of Appeal (Sept. 15, 2023), ECF No. 44; U.S. Court of Appeals Mem. (Sept. 10, 2024), ECF No. 94; *California v. Azuma Corp.*, No. 23-16200, 2024 WL 4131831 at *2 (9th Cir. Sept. 10, 2024). Defendants squarely presented the issue of *Bracker* balancing to the Ninth Circuit, arguing California's taxation scheme could not pass muster under the balancing test, but the Ninth Circuit also found defendants' argument unconvincing:

> At the preliminary injunction stage, the Defendants have not made a sufficient showing that the "exercise of state authority" with respect to any of the Tribal Retailers would unlawfully infringe on tribal sovereignty or violate federal law. *Bracker*, 448 U.S. at 144–45. Thus, California has shown a sufficient likelihood of success on the merits of its PACT Act claim.

*Azuma Corp.*, 2024 WL 4131831, at *2.

In relatively recent orders, the court found defendant Darren Rose in contempt for violating the preliminary injunction and ordered Mr. Rose to pay sanctions in the amount of $68,000. Contempt Order (May 27, 2025) at 6–7, ECF No. 131; Sanctions Order (Aug. 15, 2025), ECF No. 162. Defendants filed the instant motion for reconsideration, styled as seeking reconsideration of the court's contempt order, before the court held a sanctions hearing on July 7, 2025. *See* Contempt Order (May 27, 2025); Mot., ECF No. 136; Mins. Sanctions Hr'g, ECF No. 144. Defendants did not request the court continue the hearing on sanctions in light of the pending motion for reconsideration. During the sanctions hearing, defendants' counsel provided a short summary of the reconsideration motion, and appeared to concede the court's resolution of the motion would not affect the court's determination of appropriate sanctions. Transcript (July 11, 2025) at 13, ECF No. 149. The court imposed monetary sanctions of $68,000

and Mr. Rose has since paid the sanctions. *See* Sanctions Order (Aug. 15, 2025); Receipt No. 200014489; Rose Decl., ECF No. 168.

In finding Mr. Rose in contempt, the court concluded that a new business method he implemented, involving third-party pick-ups on the Tribe's reservation, violated the preliminary injunction. *See generally* Contempt Order (May 27, 2025). The court explained the preliminary injunction "is specific and definite" and found Mr. Rose's argument that the use of a third-party courier circumvented PACT Act violations to "border[] on frivolous." Contempt Order (May 27, 2025) at 6–7. The court also warned Mr. Rose and his counsel of a "troubling pattern" of "attempt[ing] to 'escape the consequences of the court's order.'" *Id.* at 7 (quoting Order (Feb. 28, 2024), ECF No. 71). The court addressed Mr. Rose's argument that his transactions fell into a narrow exception under § 376a(e)(2)(A)(ii), allowing delivering to persons "lawfully engaged" in the cigarette business. *Id.* at 8. The court concluded Rose's sales to non-Member Indians could not be considered "conduct involving only Indians" as defined by the law and that Azuma's sales therefore were not "lawful" and not exempt from regulation under § 376a(e)(2)(A) of the PACT Act. *Id.* (internal quotations and citations omitted).

Defendants' motion for reconsideration of the court's contempt order asserts the court committed a manifest error of law when it "neglect[ed] to articulate the *Bracker* balancing as the applicable test as to whether state law applied to transactions involving reservation Indians and non-member Indians." Mot. at 1–2. Defendants argue the court's order "articulates a test that, while making reference to a state interest, is predetermined in favor of the State in any on-reservation transaction involving a non-Indian or non-member Indian." Mem. P. & A. (Mem.) at 2–3, ECF No. 136-1. The parties did not cite to *Bracker* in their briefing regarding the Notice of Violation triggering the potential for sanctions or at the hearing on the appropriate sanctions. *See* Notice of Violation, ECF No. 108; Response, ECF No. 113; Surreply, ECF No. 121; Request to File Supplemental Brief, ECF No. 122; Mins. Mot. Hr'g (Feb. 13, 2025), ECF No. 115. As noted, the parties addressed *Bracker* in their briefing of the state's motion for a preliminary injunction. *See* Mot. Preliminary Inj., Ex. B at 59; Opp'n Preliminary Injunction at 15.

3

1    The motion for reconsideration of the contempt order is fully briefed and the court, in its
2 discretion and consistent with the Local Rules, has taken the matter under submission without
3 holding a hearing. *See* Opp'n, ECF No. 150; Reply, ECF No. 152; E.D. Cal. L.R. 230(g).

**II.    LEGAL STANDARD**

A district court has authority to reconsider its own pretrial decisions. *See City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Reconsideration is generally appropriate when "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal citations omitted). But a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The court also notes that motions to reconsider are "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998).

**III.    ANALYSIS**

Having carefully considered the matter, the court denies the defendants' motion for reconsideration. The motion does not identify any legal or factual error in the court's contempt order. Considered in the context of the procedural history of this case, it appears defendants instead are, once again, attempting to obtain reconsideration of the court's preliminary injunction order, which has now been affirmed by the Ninth Circuit. Defendants' labeling of the motion as one for reconsideration of the contempt order is disingenuous, given their true focus is the applicability and enforceability of the injunction order.

Defendants assert the court "errored in articulating Mr. Rose's position," in saying that "Rose [asserted] the new sales method is not subject to regulation under the PACT Act because the transactions are between Indians on Indian land." Mem. at 1; Contempt Order (May 27,

4

2025) at 131.  But defendants concede even if *Bracker* is considered, the relief they seek "may not alter the outcome of the contempt order—which outcome also rests on discrete conclusions of fact and law."  *Id*.  This concession—namely that defendants' motion asks the court to modify its characterization of defendants' position and entertain a legal principle defendants did not invoke in the contempt briefing, while signaling the court likely did not commit legal error—is at the core of the court's reasons for denying the motion.  The court's contempt order answered one question: did Mr. Rose violate the preliminary injunction order?  That order explained that under the clear language of the affirmed injunction order, Mr. Rose is prohibited from completing or "causing" to be completed a delivery or "portion of delivery" for Azuma.  Contempt Order (May 27, 2025) at 7 (quoting 15 U.S.C. § 376a(e)(2)(A)).  Having considered *Bracker* in issuing the preliminary injunction order, the court did not need to reengage in *Bracker* balancing to find Mr. Rose in contempt of the injunction.  In affirming the preliminary injunction order, the Ninth Circuit addressed *Bracker* balancing and affirmed the preliminary injunction is clear and enforceable as articulated.

    Because defendants have not demonstrated clear error, an intervening change in controlling law, the availability of newly discovered evidence, or the prospect of manifest injustice as to the court's contempt order the motion for reconsideration purports to challenge, the court **denies** the motion for reconsideration.

    This order resolves ECF No. 136.

    IT IS SO ORDERED.

DATED:  September 5, 2025.

SENIOR UNITED STATES DISTRICT JUDGE

5