UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| State of California, | No. 2:23-cv-00743-KJM-SCR |
| Plaintiff, | ORDER |
| v. | |
| Phillip Del Rosa et al., | |
| Defendants. | |

After holding defendant Darren Rose in contempt for violations of the preliminary injunction in this action and anticipating the potential for future noncompliance, the court previously provided for prospective and conditional sanctions. *See generally* Prev. Order (Feb. 28, 2024), ECF No. 71; Prospective Sanctions Order (Nov. 18, 2024), ECF No. 95. The court ordered the following:

> Any future noncompliance with the preliminary injunction or the nonmonetary sanctions [provided by this order] will result in the following further sanctions: $10,000 for the first day of noncompliance, $12,000 for the second day of noncompliance, $14,000 for the third day of noncompliance, $16,000 for the fourth day of noncompliance, and $16,000 for the fifth day of noncompliance. Noncompliance beyond the sixth day may result in a custodial sanction.

*Id*. at 5–6.

1

On May 27, 2025, after holding a hearing on the February Notice of Violation, Not. Violation (Feb. 5, 2025), ECF No. 108, Mins. Hr'g (Feb. 13, 2025), ECF No. 115, the court found Mr. Rose in contempt of court for a second time. Contempt Order (May 27, 2025) at 6–7, ECF No. 131. The court held an additional hearing to discuss the proper sanctions and the applicability of the court's prospective sanctions order. Mins. Hr'g (July 7, 2025), ECF No. 144. After that hearing, the court imposed monetary sanctions of $68,000 consistent with the prospective sanctions order[1] but the court declined to impose a civil custodial sanction because the prospective sanction order did not clearly set forth how a custodial sanction could be purged and the violations did not, at that time, rise to a level that would warrant a custodial sanction. Sanctions Order (Aug. 15, 2025), ECF No. 162 (citing *Doyle v. London Guar. & Acc. Co.*, 204 U.S. 599, 606–08 (1907)).

Also at the sanctions hearing, California asserted that in light of continued noncompliance, the prospective sanctions order provided by the court was not sufficiently coercive to ensure compliance with the court's preliminary injunction. The court, agreeing the prospective sanctions order was not adequately coercive, permitted California to file a revised prospective sanctions order. Mins. Hr'g (July 7, 2025). California filed a proposed prospective sanctions order and defendants filed timely objections as permitted by the court. *See* Prop. Sanctions, ECF No. 163; Obj., ECF No. 181. This order provides for prospective sanctions going forward, superseding the court's previous order.

I.  **LEGAL STANDARD**

The court may use its civil contempt powers "for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of America*, 330 U.S. 258, 303–04 (1947) (hereafter *UMWA*)); *see also Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) (quoting *UMWA*, 330 U.S. at 303–04). Sanctions for civil contempt are considered nonpunitive and "avoidable through obedience" to the court's order. *Int'l Union, United Mine Workers of Am. v.*

---

[1] Mr. Rose has since paid the monetary sanctions. Receipt No. 200014489; Rose Decl., ECF No. 168.

2

*Bagwell*, 512 U.S. 821, 827, 831 (1994).  Where the court imposes coercive contempt fines, the requirement of an "opportunity to purge," i.e., "reduce or avoid the fine through compliance" is what distinguishes civil from criminal contempt; civil contempt fines are fundamentally conditional in nature.  *Id.* at 829 (citing *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 590 (1947)); *see also Hicks v. Feiock*, 485 U.S. 624, 632–33; *United States v. Ayres*, 166 F.3d 991, 997 (9th Cir. 1999) ("Civil contempt sanctions . . . are only appropriate where the contemnor is able to purge the contempt by his own affirmative act . . . .").  Coercive sanctions "may only be imposed 'after a reasoned consideration' of 'the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'"  *Parsons v. Ryan*, 949 F.3d 443, 457 (9th Cir. 2020).

Under the court's coercive sanction power, as the court previously noted, a contemnor can also be confined until he complies.  *See Bagwell*, 512 U.S. at 828; *Doyle v. London Guar. & Acc. Co.*, 204 U.S. 599, 606–08 (1907).  Like all coercive sanctions, a custodial sanction is only appropriate where the contempt may be purged.  *See Doyle*, 204 U.S. at 607 ("[W]hile the party may suffer imprisonment, he carries the keys of the prison in his own pocket and, by compliance with the order of the court, may deliver himself from punishment." (internal quotations and citations omitted)).  Consequently, civil contempt sanctions "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard."  *Bagwell*, 512 U.S. at 827.  "Neither a jury trial nor proof beyond a reasonable doubt is required."  *Id.*

In contrast, unlike here, a court exercises its criminal contempt power only when it intends to punish the contemnor and vindicate the court's authority.  *UMWA*, 330 U.S. at 302.  In imposing civil coercive sanctions, the court "must . . . consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired."  *Id.* at 304.  "[A] party's good faith, even where it does not bar civil contempt, may help to determine an appropriate sanction."  *Taggart*, 139 S. Ct. at 1802.  In civil contempt cases, the court should use "[t]he least possible power adequate to the end proposed."  *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 801 (1987) (quoting *United States v. Wilson*, 421 U.S. 309, 319 (1975)).

## II. PROSPECTIVE SANCTIONS

California's proposed prospective sanctions order requests per cigarette and per day monetary sanctions for future violations and proposes a revision to the monthly document production schedule to instead require Mr. Rose make weekly disclosures. *See generally* Prop. Sanctions.

California requests conditional monetary sanctions for any future violations of the preliminary injunction in the amount of the greater of (a) the gross sales collected by Azuma as a result of such violation, or (b) $1,600 per 12,000 cigarettes (i.e., master case of cigarettes) delivered. Prop. Sanctions at 2. California also requests the court order Mr. Rose provide California access to all of Azuma's purchase records, sales, and invoices by electronic transfer on the following schedule:

> Ten days after the issuance of any revised sanctions order, Rose shall transfer all such records dated from August 1, 2025, [2] through the issuance of that order. On each Tuesday, Rose shall transfer all such records dated from the previous week (Sunday through Saturday) or, if no such records exist, shall so confirm in writing to the State.

*Id*. California requests there be a prospective monetary sanction of $10,000 for each day of noncompliance with the required document production schedule. *Id.* Finally, for noncompliance beyond the sixth day, California recommends a custodial sanction in addition to continuing per-cigarette and per-day monetary sanctions. *Id.*

Defendants oppose the State's request for a new prospective conditional sanctions order, asserting the proposed sanctions are "unreasonably onerous and unduly burdensome."[3] *See* Objs. at 3–4. While defendants do not explicitly object to the proposed per cigarette monetary sanction,

---

[2] The court understands Mr. Rose has transferred all Azuma records from August 2025 to the State. *See* Rose Supp. Decl., ECF No. 177-1. As such, the court will identify September 1, 2025 as the appropriate start date at this point, as specified in the conclusion of this order.

[3] Defendants also object to California's filing because it includes a brief styled as a supporting memorandum without leave from the court to file briefing. Objs. at 1–2. Because defendants had the opportunity to respond to California's briefing, defendants are not prejudiced by the court's consideration of the entirety of California's submission. Parties are warned, however, that the court may not consider future filings made without the court's permission or otherwise allowed under the Local Rules of this district or the Federal Rules of Civil Procedure.

1   defendants do oppose the proposed weekly document production schedule and the associated
2   $10,000 per day sanction for failure to comply with the schedule.  Defendants contend the
3   currently imposed monthly production schedule should not be changed because Mr. Rose has not
4   "failed to comply with the existing monthly production schedule." *Id.* at 4.  Finally, defendants
5   request that any new order no longer require Mr. Rose to file a monthly PACT Act report or
6   declaration.  *Id.*  California does not object to removing the monthly PACT Act report or
7   declaration requirement.  Mem. P. & A. at 7–8 n.5, ECF No. 163-1.

8       As explained more fully below, the court generally finds California's request for monetary
9   prospective sanctions to be reasonable considering the applicable law and the underlying record.
10  The court also agrees more frequent document reporting will help coerce compliance, but finds
11  weekly reporting unnecessarily burdensome at this time.  In addition, the court finds the proposed
12  continuing custodial sanction inappropriate because the State has not offered a satisfactory
13  purging mechanism.

14      Regarding the proposed weekly production schedule in particular, California previously
15  raised concerns about delays by defendants in following the court's monthly production schedule,
16  Transcript (July 11, 2025) at 3–4, ECF No. 149.  Considering Mr. Rose's repeated noncompliance
17  with previous court orders, the court agrees more frequent reporting and recordkeeping
18  requirements will help ensure full compliance with the preliminary injunction.  At hearing,
19  defendants raised concerns about the burden of weekly reporting considering the limited
20  employees available to assist with the scanning and transmission of Azuma's records.  Taking
21  both the burden on Azuma and the need for timely reporting into consideration, the court finds
22  requiring production every other week as described in the conclusion of this order to be
23  appropriate without imposing an onerous burden.  The court further finds a per day prospective
24  sanction of $10,000 for failing to produce the records on the required schedule appropriately
25  coercive.

26      As to the proposed monetary sanctions for violative sales, the current prospective
27  sanctions order, which imposes sanctions only on a per day schedule, has proved insufficient to
28  coerce compliance.  *See* Prospective Sanctions Order at 5–6; Not. Violation (Feb. 5, 2025); Not.

Violation (Aug. 28, 2025), ECF No. 164; Not. Violation (Sep. 11, 2025), ECF No. 179. The court agrees with California that a monetary sanction schedule triggered by actual violative sales is an appropriate mechanism and more likely to coerce future compliance.

As to California's recommendation that the court continue to provide for a prospective civil custodial sanction, California's proposed sanctions order does not adequately address how exactly Mr. Rose could cure a prospective civil custodial sanction, as is required by law. The court has independently considered the workability of a prospective civil custodial sanction and at this time declines to provide for the possibility of such a sanction.

Viewing the proposed sanctions order as a whole, conditional sanctions remain necessary to coerce compliance; the court of course hopes and expects no further monetary sanction will need to be imposed, but if a sanction is necessary, it will be coercive only and the court will impose any sanction only after Mr. Rose has had an opportunity to respond, as specified in the conclusion of this order. The prospective sanctions provided by this order will remain available as an ongoing coercive tool, for as long as this order remains in effect. That is, should Mr. Rose continue to engage in conduct that violates the court's orders, he may be subject to repeat imposition of the same sanctions, as often as necessary to ensure compliance.

### III. CONCLUSION

The court's previous prospective sanctions order, ECF No. 95, is hereby superseded by this order. The sanctions provided for by this order shall apply to any violations of the preliminary injunction, ECF No. 43, occurring after the filed date of this order.

The State's motion for prospective sanctions is **granted in part and denied in part** as follows:

1. While the preliminary injunction is in place or until further order of this court, Mr. Rose shall provide to the State by electronic transfer all of Azuma's purchase records, sales and invoices on the following schedule:
    a. Ten days after the issuance of this order, Mr. Rose shall transfer all such records dated from September 1, 2025, through the issuance of this order to California.

6

    b. On every other Tuesday thereafter, Mr. Rose shall transfer all such records dated from the previous two weeks or, if no such records exist, shall so verify in writing to the State.

    c. For each day that Mr. Rose fails to timely transfer the required records, he shall incur a monetary sanction of $10,000.

2. While the preliminary injunction is in place or until further order of this court, any future violations of the preliminary injunction shall result in a monetary sanction of the greater of:

    a. The gross sales collected by Azuma as a result of such violation; or

    b. $1,600 per 12,000 cigarettes (i.e., master case of cigarettes) delivered.

3. The court will not impose any sanction under paragraphs 1 or 2 unless the State files a Notice of Violation on the docket of this action, supported by a declaration of a person with knowledge of the violation, subject to the following requirements:

    a. The State shall file a single Notice of Violation related to all violations it contends have occurred within the previous calendar month.

    b. Any Notice of Violation shall clearly outline the nature of the alleged violation and include a calculation of the proposed monetary sanction as outlined in paragraphs 1 and 2 of this order.

    c. Should the State file a Notice of Violation, Mr. Rose shall file a response to the notice within seven days. Failure to respond itself may result in sanctions, monetary or otherwise.

    d. Upon receipt of Mr. Rose's response, the court will then promptly set a hearing on the matter if necessary to resolve the Notice of Violation.

4. The prospective sanctions under paragraphs 1 and 2 may be imposed repeatedly, each time the court finds noncompliance, as is necessary to gain Mr. Rose's compliance.

1   5. Should Mr. Rose continue to engage in violative sales or otherwise fail to comply
2   with this court's orders, the court may order Mr. Rose to show cause why
3   additional monetary sanctions or equitable remedies are not warranted.
4   IT IS SO ORDERED.
5   DATED: October 2, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE