UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br>Plaintiff,<br>v.<br>PHILLIP DEL ROSA, et al.,<br>Defendants. | No. 2:23-cv-00743-DAD-SCR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO EXTEND DEADLINES<br><br>(Doc. Nos. 219, 238) |

On September 2, 2026, defendants filed a motion for relief pursuant to Local Rule 233 to extend the deadlines for expert discovery in this action established in the court's scheduling order.[1] (Doc. No. 238.) Therein, defendants request that the deadlines relating to expert

[1] On June 29, 2026, defendants previously filed a motion to amend the scheduling order, seeking at that time to extend all discovery deadlines by 12 weeks due to a purported delay in receiving records from the California Department of Tax and Fee Administration ("CDTFA"). (Doc. No. 219.) Plaintiff filed its opposition thereto on July 8, 2026. (Doc. No. 226.) Defendants filed their reply in support of that initial motion on July 14, 2026, in which they withdrew their request for a 12-week extension of discovery and related deadlines in light of having received the requested records from CDTFA. (*Id.* at 1.) For the first time in their reply, defendants instead requested that the court grant additional time to conduct a previously noticed Rule 30(b)(6) deposition of a designated representative of the California Attorney General's Office, which was being delayed by the resolution of plaintiff's motion for a protective order. (*Id.*) Defendant's latter request for additional time to conduct discovery was not properly filed as a noticed motion as required by Local Rules 230 or 233 and is therefore denied without prejudice to such relief being granted pursuant to stipulation or through a properly noticed motion.

discovery be continued by approximately four weeks.[2] (*Id.* at 2.) Plaintiff's opposition to defendants' motion to extend deadlines is contained in the same filing. (*Id.* at 7–8.) Defendant has not filed a reply in support of the September 2, 2026 motion.

"The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, when a party seeks to modify the scheduling order, that party must first show "good cause." *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). In *Johnson*, the Ninth Circuit explained that

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

975 F.2d at 609 (internal quotation marks and citations omitted); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case.").

Here, defendant requests this extension of expert discovery deadlines in light of the deposition of plaintiff's having been scheduled on September 10, 2026, one day before the date that initial expert disclosures are due, and after the close of fact discovery. (Doc. No. 238 at 3.) Defendant explains that the 30(b)(6) deposition of plaintiff's designated representative was

[2] The current scheduling order in this case provides for the following deadlines: fact discovery shall be completed by August 7, 2026; any motions to compel and any similar discovery motions are due by September 11, 2026; initial expert disclosures shall be completed by September 11, 2026; rebuttal expert disclosures shall be completed by October 9, 2026; expert discovery shall be completed by November 6, 2026; and all motions except for motions for temporary restraining orders, continuances, and other emergency motions shall be filed by December 11, 2026. (Doc. No. 215.)

scheduled for September 10, 2026 due to various delays. On June 16, 2026, defendant noticed the 30(b)(6) deposition of plaintiff's representative for July 10, 2026. (Doc. No. 238 at 5–6.) On July 2, 2026, plaintiff moved for a protective order relating to the deposition notice. (Doc. No. 221.) The hearing on plaintiff's motion for protective order was initially scheduled for July 23, 2026, but was reset to August 6, 2026 by the assigned magistrate judge, and was held on that date. (Doc. Nos. 222, 233.) On August 10, 2026, the magistrate judge issued an order granting defendants leave to serve a revised notice of deposition. (Doc. No. 234.) On August 25, 2026, following meet and confer efforts by the parties, defendants served their revised 30(b)(6) deposition notice on plaintiff with a deposition date of September 10, 2026. (Doc. No. 238 at 5.)

Defendant argues that good cause exists for the extension of expert discovery deadlines because the 30(b)(6) deposition is scheduled for the day before the deadline for expert disclosures, and defendants' experts require additional time to consider that deposition and prepare their reports. (*Id.* at 5–6.) In opposition, plaintiff argues that the noticed topics for the 30(b)(6) deposition are not relevant to the experts' reports, that the relevant facts have been in defendants' possession for six months following a letter provided to defendants from plaintiff or are otherwise publicly available, and that even if the 30(b)(6) deposition reveals new facts, the experts may supplement their reports. (*Id.* at 7.) Plaintiff does not cite any caselaw to support its apparent contention that the above stated objections are grounds for denying defendants' motion to modify the scheduling order. Most importantly, plaintiff does not argue that defendants have not been diligent or that plaintiff will be prejudiced by the extension. In light of the foregoing, and absent any argument by plaintiff that defendants have not been diligent or that plaintiff will be prejudiced by the amendment, the court will grant defendants' motion to amend the scheduling order in this case.[3]

The court notes that defendants' proposed amended schedule would leave just one week between the close of expert discovery and the deadline to file dispositive motions. The parties

---

[3] The parties are notified that this court is currently experiencing a deluge of immigration habeas petitions and they are therefore strongly encouraged in the future to resolve scheduling conflicts by stipulation whenever possible.

previously represented to the court that they anticipate that most, if not all, issues in this case are likely amenable to resolution at summary judgment, and requested that the court not schedule a final pretrial conference or a jury trial until after the anticipated dispositive motions are resolved. (Doc. No. 216 at 1–2.) The court has abided by the parties' request in this regard. (Doc. No. 217.) The court will therefore also amend the scheduling order by extending the date to file all motions, except for motions for continuances, temporary restraining orders or other emergency applications accordingly.

For the reasons above,

1. Defendants' first motion to amend the scheduling order (Doc. No. 219) is hereby TERMINATED as withdrawn;
2. Defendants' motion to modify the scheduling order in this case by extending the deadlines for expert discovery (Doc. No. 238) is GRANTED and the court AMENDS the scheduling order as follows:
    a. Expert disclosures shall be completed by October 9, 2026;
    b. Rebuttal expert disclosures shall be completed by November 6, 2026;
    c. Expert discovery shall be completed by December 4, 2026; and
    d. All motions, except for motions for continuances, temporary restraining orders or other emergency applications shall be filed no later than January 19, 2027.

IT IS SO ORDERED.

Dated: **September 10, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE