ROB BONTA, State Bar No. 202668
Attorney General of California
NELI PALMA, State Bar No. 203374
Senior Assistant Attorney General
JAMES V. HART, State Bar No. 278763
Supervising Deputy Attorney General
DAVID C. GOODWIN, State Bar No. 283322
BYRON M. MILLER, State Bar No. 279763
PETER F. NASCENZI, State Bar No. 311664
Deputy Attorneys General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7805
Fax: (916) 327-2319
E-mail: Peter.Nascenzi@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ex rel. ROB BONTA, in his official capacity as Attorney General of the State of California,**<br><br>Plaintiff,<br><br>**v.**<br><br>**PHILLIP DEL ROSA, in his personal capacity and official capacity as Chairman of the Alturas Indian Rancheria; and DAREN ROSE, in his personal capacity and official capacity as Vice-chairman of the Alturas Indian Rancheria,**<br><br>Defendants. | 2:23-cv-00743-DAD-SCR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES**<br><br>Date: October 22, 2026<br>Time: 10:00 am<br>Courtroom: 27, 8th Floor<br>Judge: Hon. Sean C. Riordan<br>Trial Date: N/A<br>Action Filed: April 19, 2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 22, 2026, at 10:00 am or as soon thereafter as the matter may be heard, before the Honorable Sean C. Riordan, Plaintiff California, by and through California Attorney General Rob Bonta, will and hereby does move the Court for an order compelling Defendants Phillip Del Rosa and Darren Rose, in their personal and official capacities, to (1) supplement their production in response to Plaintiff's First Set of Requests for Production dated October 10, 2025; (2) supplement their production in response to Plaintiff's Second Set of Requests for Production dated February 23, 2026, and (3) supplement their responses to Plaintiff's First Set of Interrogatories directed toward each Defendant in their official capacities dated April 10, 2026.

This motion is brought pursuant to Fed. R. Civ. P. 27(a)(1), (3)(B)(iii)–(iv), Local Rule 251, and the Court's Standing Order.

As set forth further in the Joint Statement re Discovery Disagreement and exhibits, which will be filed on or before October 8, 2026, pursuant to Local Rule 251(a), Defendants failed to produce all relevant documents within their possession, custody, or control. Defendants have testified that the assets of the Alturas Indian Rancheria and its business are intermingled, yet have artificially limited discovery to bank accounts bearing Azuma Corporation's name and to a self-selected subset of transactions due to claimed burden. Defendants, however, have placed the finances of the Tribe and of its businesses directly at issue, and have the requested documents appear to be the only record of the relevant facts.

Defendants have also withheld certain documents based on alleged privacy interests, despite this Court issuing a protective order that allows a producing party to designate documents as confidential and protect them from disclosure. Defendants simultaneously refused to produce the underlying information in alternate form. Defendants also improperly refused to conduct a reasonable search for or produce documents on the basis of tribal sovereign immunity. Sovereign immunity is an immunity from process, not a general shield from discovery, and Defendants do not contest that they are properly named as defendants in their official capacities as officers of the Tribe and its businesses, are properly subject to process of this Court.

Finally, Defendants have failed to provide full and accurate responses to Plaintiff's interrogatories. Specifically, Defendants' responses contradict their prior representations to Plaintiff and to this Court without explanation. Furthermore, Defendants refused to provide answers to certain interrogatories, objecting based on sovereign immunity, relevance, and alleged privacy concerns, which are improper for the reasons provided above as to Plaintiff's document requests.

Pursuant to Local Rule 251(b), the parties met and conferred prior to the filing this Notice and Motion. The details of that meeting will be set forth in the Joint Statement, as required under Local Rule 251(c). In summary, Plaintiff wrote a meet and confer letter on July 24, 2026, after several non-party depositions revealed gaps in Defendants' productions. Plaintiff wrote a second meet and confer letter on August 24, 2026, after the depositions of Defendants themselves revealed additional gaps. Defendants did not initially respond to the first letter, but the Parties met and conferred by videoconference on August 28, 2026, in response to the second. Defendants subsequently provided a written response to both letters on September 8, 2026. On September 10 and 11, 2026, the parties conferred by email to coordinate the selection of the hearing date.

This Motion is based upon this Notice of Motion and Motion, the Joint Statement re Discovery Disagreement and accompanying attachments, the pleadings and papers on file in this action, matters of which the Court may take judicial notice, any argument presented at the hearing, and such other matters as the Court may properly consider.

Dated: September 11, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NELI PALMA
Senior Assistant Attorney General
JAMES V. HART
Supervising Deputy Attorney General
DAVID C. GOODWIN
BYRON M. MILLER
Deputy Attorneys General

*/s/ Peter F. Nascenzi*

PETER F. NASCENZI
Deputy Attorney General
*Attorneys for Plaintiff State of California*

SA2023301988
45288378